**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VIRGINIA SCHEIRER,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-1397** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **NATIONWIDE INSURANCE** | |
| **COMPANY OF AMERICA** : | |
| : | |
| **Defendant** : | |

# M E M O R A N D U M

Pending before the court is defendant's partial motion to dismiss. (Doc. No. 14). Plaintiff's amended complaint, (Doc. No. 12), alleges claims for breach of contract (Count I), bad faith (Count II), and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §201-1 *et seq.* (Count III). Defendant moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Count III for failure to state a claim.

## I.   BACKGROUND

Plaintiff Virginia Scheirer alleges that she is a resident of Monroe County who was riding a county bus on September 24, 2008 when, in an incident which was preserved on tape, she was thrown to the floor of the bus and injured when the driver swerved to avoid an oncoming vehicle. (Doc. No. 12, ¶¶ 1, 8, 9). Plaintiff had purchased a policy from defendant, in effect on the day of plaintiff's injury, which included tort coverage and underinsured

motorist benefits. (Id., ¶¶ 6, 8). Plaintiff notified defendant of her uninsured motorist claim on July 7, 2011, provided relevant medical documentation to defendant, and demanded arbitration of her claim on September 26, 2012. (Id., ¶¶ 12, 14,16). Defendant refused the arbitration request on October 10, 2012, and made a written request for medical examination of plaintiff and a statement under oath on April 16, 2013. (Id., ¶¶ 17, 19). Plaintiff then brought the instant action alleging that the inordinate delay in handling her claim is a breach of contract, bad faith, and a violation of the UTPCPL.

## II.  STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s]

2

to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before

dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### III. DISCUSSION

The UTPCPL is Pennsylvania's consumer protection law, the purpose of which is to prevent unfair or deceptive acts or practices in the conduct of business. Grimes v. Enterprise Leasing Co. of Phila., LLC, 66 A.3d 330, 335 (Pa.Super. 2013). The UTPCPL provides that:

> "(a) any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater." 73 P.S. §201-9.2.

To bring a claim under the UTPCPL, a plaintiff must "show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." Grimes, 66 A.3d at 35 (citing Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004)). It is well settled that an insurer's refusal to pay benefits to an insured is nonfeasance, rather than malfeasance, and therefore not actionable under the UTPCPL.

4

Klinger v. State Farm Mut. Auto. Ins. Co., 895 F.Supp. 709, 717 (M.D.Pa. 1995)(*citing* Gordon v. Pa. Blue Shield, 548 A.2d 600, 602 (Pa. Super.1998)).

Plaintiff claims that she relied on defendant's holding itself out as "providing expertise in claim handling, focusing on quality and customer service and working with assurance to manage claims in a fair and timely manner." (Doc. No. 12, ¶¶ 30, 31). Plaintiff argues that the lengthy amount of time for which her insurance claim has been pending is a violation of the defendant's representation that it is skilled at handling claims, a representation she states she relied on in purchasing insurance from defendant. While plaintiff attempts to plead reliance on defendant's expertise in handling claims, her allegations in Count III are merely a recitation of the elements of a claim for violation of the UTPCPL.

The allegations in Count III do not change the fact that the true crux of plaintiff's complaint is the allegedly untimely manner in which defendant has handled her claim. Indeed, the argument in plaintiff's brief focuses on the allegation that defendant has taken an "excessive" amount of time to handle the claim. (Doc. No. 19, at 3). But a claim for failure to pay an insurance claim in a timely manner is not actionable under the UTPCPL, as it is a claim for nonfeasance. Klinger, 895 F.Supp. at 718. Attempting to characterize the untimely handling of a claim as unfair, and therefore as misfeasance rather than nonfeasance, is unavailing. Id. Plaintiff has alleged facts which may support her claims for breach of contract and bad faith, but the facts

5

underlying those counts of the complaint are simply insufficient to create a plausible claim under the UTPCPL, as is plaintiff's formulaic recitation of the elements of an unfair trade practices claim. Count III of plaintiff's complaint lacks sufficient allegations to support a claim for unfair trade practices.

In light of the foregoing, defendant's partial motion to dismiss will be **GRANTED**, and Count III of plaintiff's complaint will be **DISMISSED** with prejudice. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 23, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-1397-01.wpd